**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-4889 |
| | § | |
| EDGAR J. ARAMAYO, Individually and | § | |
| doing business as Cristina's Nite Club also | § | |
| known as Cielo Azul, and LA KANTUTA, | § | |
| LLC, Individually and doing business as | § | |
| Cristina's Nite Club also known as Cielo Azul, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is one of many cases alleging an unlawfully broadcast boxing match. The defendants filed an answer pleading the affirmative defenses of the statute of limitations and laches. The plaintiff moved to strike and sought sanctions under Rule 11, including $1,000 in attorney's fees. The motion asserted that the statute of limitations defense was incorrectly based on the date of service as the date suit commenced, rather than the date of filing. (Docket Entry No. 7). In response, the defendants promptly filed an amended answer deleting the limitations defense and reasserting laches. (Docket Entry No. 8, 9). The plaintiff then moved to strike the amended answer on the basis that the defendants had not sought either party agreement or court leave to file it. (Docket Entry No. 10).

The plaintiff's motion to strike the affirmative defense of limitations is denied as moot. The defendants have abandoned that defense in its amended pleading.

The plaintiff's motion for attorney's fees under this court's inherent authority and under Rule 11 is denied. "A court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers*, 501 U.S. at 46). The defendant's conduct falls short of this standard and inherent power does not apply if the conduct is regulated by a rule, such as Rule 11, which "prohibits filings made with 'any improper purpose,' the offering of 'frivolous' arguments, and the assertion of factual allegations without 'evidentiary support' or the 'likely' prospect of such support." *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005). Rule 11 requires that a motion for sanctions "be made separately from any other motion" and be served on the opposing party 21 days before it is filed with the court. FED. R. CIV. P. 11(c)(2). The plaintiff's motion for costs is incorporated into its motion to strike and there is no indication in the motion that the plaintiff served it on the defendants 21 days before filing. The motion for sanctions is denied.

The plaintiff's motion to strike the amended answer is denied. The purpose of the amended answer was to remove an affirmative defense that the plaintiff sought to strike. Under Rule 15(a)(1), a party may amend its pleading once as a matter of course either 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, . . . 21 days after service of a motion under Rule 12(b)." And under Rule 15(a)(2), leave to amend should be freely given. There is no basis to strike the amended answer.

SIGNED on March 8, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge